# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 7 Proceedings |
| SARGON E. AWDISHO and MARINA I. AWDISHO, | Case No: 2:14-bk-06594-DPC |
| Debtors. | ORDER RE MOTION TO REOPEN BANKRUPTCY CASE AND MOTION TO AVOID LIEN ON REAL PROPERTY |
| | [NOT FOR PUBLICATION] |

Debtors Sargon E. Awdisho and Marina I. Awdisho ("Debtors"), filed their Motion to Reopen Bankruptcy Case ("Motion to Reopen") on February 6, 2020 (DE 39) in order to proceed with their Motion to Avoid Lien on Real Property ("Motion to Avoid Lien") (DE 34).

On May 2, 2014, Debtors filed their Chapter 7 bankruptcy petition ("Petition Date"). On the Petition Date, Debtors owned a residence for which they claimed an exemption in these bankruptcy proceedings (DE 7). No timely objections were filed to their claimed homestead exemption. Prior to the Petition Date, Midland Funding, LLC ("Midland") recorded a judgment against Debtors in the office of the Maricopa County Recorder. Midland failed to renew the judgment within the five-year period pursuant to A.R.S. § 33-964. However, in 2018, that statute was amended to extend the judgment renewal period to ten years.

Debtors obtained their discharge on September 18, 2014 (DE 31). Midland did not obtain an order of this Court denying Debtors' discharge or the dischargeability of their claim. Debtors are now concerned Midland's pre-petition judgment might be

renewed and may impair their homestead exemption.  Therefore, Debtors seek an order of this Court, pursuant to 11 U.S.C. § 522(f), avoiding Midland's judgment "lien."

The Arizona Court of Appeals discussed the interplay of judgment liens and homestead exemptions in *Pacific Western Bank v. Castleton*, 434 P.3d 1187 (Ariz.App. Div. 1 2018).  The Court first cited A.R.S. § 33-964(B) which states:

> Except as provided in § 33-1103, a recorded judgment shall **not** become a lien on any homestead property. Any person entitled to a homestead on real property as provided by law holds the homestead property free and clear of the judgment lien.

A.R.S. § 33-964(B) (emphasis added).  The Court then quoted A.R.S. § 33-964(A) (a judgment ''shall become a lien … on all real property of the judgment debtor except real property exempt from execution, including homestead property'').

The Court went on to hold that:

> Section 33-964 thus establishes the general rule that a recorded judgment does not become a lien on homestead property. *See also Union Oil Co. of Ariz. v. Norton Morgan Commercial Co.*, 23 Ariz. 236, 245, 202 P. 1077 (1922) (holding that ''no lien shall be permitted to attach to the real property claimed as a homestead'').  As the statute states expressly, individuals hold their ''homestead property free and clear'' of any judgment liens. *See* A.R.S. § 33-964(B).

434 P.3d 1187, 1189-90.  Bankruptcy Judge Haines also pointed out in the case of *In re Rand*, 400 B.R. 749 (Bkrtcy. D. Ariz. 2008), that under Arizona law, a recorded judgment does not constitute a lien on a debtor's properly claimed homestead property.  Because the judgment "is not a lien at all, it is not a lien that impairs the debtors' homestead that can be avoided pursuant to Code §522(f)." *Id.* at 755.

Based on the foregoing,

**IT IS ORDERED** denying Debtors' Motion to Reopen.

**IT IS FURTHER ORDERED** denying Debtors' Motion to Avoid Lien.  The judgment recorded by Midland prior to the Petition Date does not constitute a lien against

the homestead property owned by the Debtors. Midland's claim has been discharged in Debtors' bankruptcy proceedings. Should Midland refuse to voluntarily remove its judgment from the Recorder's records, the Debtors may seek relief in State Court under A.R.S. § 33-420.

**DATED AND SIGNED ABOVE.**

COPY of the foregoing mailed
by the BNC to Interested Parties:

Sargon E. Awdisho
Marina I. Awdisho
8622 W. Paradise Dr.
Peoria, AZ 85345
Debtors

Nicholas T. Van Vleet
Neeley Law Firm, PLC
2250 E. Germann Rd., Suite 11
Chandler, AZ 85286
Attorney for Debtors

Bursey and Associates, P.C.
6740 N. Oracle Rd., #151
Tucson, AZ 85704

Midland Funding LLC
c/o Corporation Service Company
8825 N. 23rd Ave., Suite 100
Phoenix, AZ 85021

Midland Funding
c/o Midland Portfolio Savings Inc.
8875 Aero Dr., #200
San Diego, CA 92123

Midland Funding
PO Box 939069
San Diego, CA 92193